# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4736-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

K.C.M.,

     Defendant-Appellant,

and

S.N.P.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF M.N.M.
and C.J.M.,

     Minors.

_____

Submitted April 3, 2019 – Decided April 17, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FG-01-0014-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Amy M. Young, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith A. Pollock, Deputy Public Defender, of counsel; Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

Defendant father K.C.M. appeals from a June 4, 2018 judgment terminating his parental rights to his daughter, M.N.M., born in 2015, and his son, C.J.M., born in 2016. S.N.P. voluntarily surrendered her parental rights on the first day of trial and does not join in this appeal. We affirm, substantially for the reasons stated by Judge W. Todd Miller in his oral opinion issued with the order.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. The Division first became involved with defendant and his family in 2007. Defendants' parental rights to three older children were terminated in

2012. Defendant, who was twenty-nine years old at the time of the guardianship trial, has a criminal history that began when he was ten years old. He also has a history of heroin, cocaine, and marijuana use. When defendant was not incarcerated, he did not have stable housing and would at times live at a shelter. The Division began offering services to defendant in 2011, but defendant was unable to complete any program. He did not attend seven of the nine offered substance abuse evaluations. Although defendant did not keep in touch with the Division, it made consistent efforts to find him and offer him services.

M.N.M. was in defendant's custody for about eight months, and C.J.M. was removed from defendant's custody days after his birth. Defendant attended only fourteen visits with his children. For nearly one year while he was not incarcerated, he did not visit the children at all. He was incarcerated throughout the termination trial, facing robbery charges. Defendant testified he would need about fifteen months after his release to take advantage of Division services before he would be ready to regain custody of his children. At the time of trial, the children had been with their resource parents for approximately two years, and it appeared that defendant would remain incarcerated for another two or three years.

A-4736-17T3

Dr. Alan Lee, who testified as the Division's expert, found that defendant had not formed a secure bond with either child. Dr. Lee also found that the children, who were in separate resource homes, were strongly bonded with their resource parents and removing them from these homes would cause harm that defendant could not ameliorate. Defendant asked to be removed from the trial and brought back to jail after Dr. Lee testified.

In his comprehensive opinion, the trial judge found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendant's parental rights was in the children's best interests. On this appeal, our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Defendant contends that the Division failed to provide sufficient services to him, in particular by not providing sufficient jail visits. In light of defendant's lengthy criminal record and current criminal involvement, as well as his limited

4

contact with the children, these issues are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION